# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **OSCAR L. ATKINS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 05-CV-0678-CVE-PJC |
| | ) |
| **WAL-MART STORES, INC.,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Now before the Court is the Notice of Removal (Dkt. # 2) filed by defendant Wal-Mart Stores, Inc., for which the proper party name is Wal-Mart Stores East L.P. Defendant seeks to remove this action from the District Court of Creek County for the State of Oklahoma pursuant to 28 U.S.C. § 1441.

Defendant's notice of removal states that plaintiff is a resident of Oklahoma and that Wal-Mart Stores East L.P. is a Delaware limited partnership. These facts alone, defendant contends, create diversity of citizenship. In ascertaining the presence of complete diversity of citizenship, a court must consider the citizenship of each member of a limited partnership, however. Carden v. Arkoma Assoc., 494 U.S. 185, 187-88 (1990). To establish the existence of diversity of citizenship, a removing party must, then, make a representation as to the citizenship of each member of a limited partnership. Without such a representation, the notice of removal is fatally flawed, and the court does not have jurisdiction over the matter.

"Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." Laughlin v. K-Mart Corp., 50 F.3d 871, 873

Dockets.Justia.com

(10th Cir. 1995).  This Court may consider sua sponte the question of its jurisdiction and has a duty to deny jurisdiction if it finds the requirements have not been met.  Id.  Therefore, this matter must be remanded to state court.

**IT IS THEREFORE ORDERED** that this action is **remanded** to the District Court of Creek County, Sapulpa Division, for the State of Oklahoma.

**DATED** this 2nd day of December, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT